UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NORMA JEAN SOROE**                                                      **PLAINTIFF**

**V.**                                 **CIVIL ACTION NO.1:07CV134 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**
**and KELLY CANNON, ET AL.**                                 **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it the motions [7] [15] of Plaintiff Norma Jean Soroe (Soroe) to remand this action to the Circuit Court of Hancock County, Mississippi.  For the reasons set out below, this motion will be denied.  The Court also has before it the motion [26] of Defendant Kelly Cannon (Cannon) to dismiss Soroe's complaint as to Cannon individually.  For the reasons set out below this motion will be granted.

Soroe is the owner of residential property situated at 5112 Ioor Street, Clearmont Harbor, Mississippi.  This property was insured under two policies issued by State Farm Fire and Casualty Company (State Farm).  A standard flood insurance policy, number 24-RM-0117-5, provides $88,300 in coverage for the plaintiff's dwelling and $35,600 in coverage for personal property.  A homeowners policy, number 24-BG-4625-8, provides $95,600 in coverage for the plaintiff's dwelling, $9,560 in coverage for other buildings on site, $71,700 coverage for personal property, and coverage for loss of use.  The homeowners policy includes coverage for windstorm damage, but excludes coverage for flood damage.  The flood insurance benefits have been paid, and the flood policy is not at issue in this litigation.

Plaintiff filed this action in the Circuit Court of Hancock County, Mississippi, and the defendants removed the action to this court on grounds of diversity of citizenship and the requisite amount in controversy.  Plaintiff's motion to remand challenges the propriety of the removal and the Court's subject matter jurisdiction under 28 U.S.C. §1332.  Both Soroe and Cannon, State Farm's local agent, are resident citizens of Mississippi, and if Soroe has stated a cause of action against Cannon, the complete diversity of citizenship necessary to establish this Court's subject matter jurisdiction is absent.

State Farm asserts that Soroe has no valid grounds to proceed on her claims against Cannon and that Cannon has been improperly joined to defeat this Court's diversity jurisdiction.  In order to evaluate these assertions I must apply a very liberal standard.  Under this standard, the Court must accept as true the material allegations of the complaint, and the Court must grant the plaintiff all reasonable inferences in support of her claims based upon those facts.  I must also resolve all doubtful issues of state law in favor of the plaintiff.  The complaint against the non-diverse defendant, Cannon,

may be dismissed only if the facts Soroe has alleged are insufficient, if proved, to establish a right of recovery against him. *Bell Atlantic Corp. v. Twombly*, 75 USLW 4337, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) In reaching the merits of this matter, the Court may consider evidence outside the pleadings and treat the motions as motions for summary judgment under F.R.Civ.P. 56. I will do so in this case, taking into consideration the affidavit of Cannon.

Under this liberal standard, misjoinder or fraudulent joinder is an issue on which the removing party has the burden of proof. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981); *See Dodson v. Spiliada Maritime Corp*. 951 F.2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000). Thus, in order to establish that removal is proper, State Farm and Cannon must demonstrate that Soroe has not alleged facts sufficient to support a reasonable belief that she may prevail on the merits of her claim against Cannon. The facts alleged must be sufficient to raise a claim for relief above the speculative level, assuming that all the facts alleged are true, even if those facts may be doubtful. *Bell Atlantic Corp. v. Twombly*, 75 USLW 4337, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

Soroe's substantive complaints against Cannon involve three basic allegations of misconduct:

> 1) that Cannon misrepresented the terms of the State Farm policies he sold to Soroe, by failing to tell Soroe that the homeowners policy excluded coverage for flood damage (Complaint Paragraphs 50 - 52) (Soroe contends that Cannon's failure to give her this notification constitutes actionable negligence);
>
> 2) that the flood policy Cannon sold Soroe did not provide coverage equal to or greater than the coverage provided by the homeowners policy (Complaint Paragraphs 25 and 26) (Soroe contends that Cannon's failure to secure this equality of coverage in the flood insurance policy constitutes actionable negligence); and
>
> 3) that Cannon "did not inform the Plaintiff that for a minimal increase in premium the Plaintiff could have obtained coverage which equaled or exceed the coverage under his [sic] homeowners policy" (Complaint Paragraph 27) (Soroe contends that Cannon's failure to give her this information concerning the availability of additional flood insurance coverage also constitutes actionable negligence).

Soroe alleges that Cannon stood in a fiduciary relationship with her at the time they did business, but Soroe has alleged no facts which would support a finding that such a relationship existed. Since the relationship between an insurance agent and his customers is ordinarily not fiduciary in nature, in the absence of allegations of some special relationship between the parties, there is no basis for accepting the plaintiff's legal conclusion that she stood in a fiduciary relationship with Cannon. *Gorman v. Southeastern Fidelity Ins. Co.*, 621 F.Supp. 33, 38 (S.D.Miss. 1985) aff'd 775 F.2d 655 (5th Cir.1985); *Lady v. Jefferson Pilot Life Ins. Co.*, 241 F.Supp.2d 655 (S.D. Miss. 2001)

In *Leonard v. Nationwide Ins. Co.*, 499 F.3d 419, 438 (5th Cir. 2007) the Court held that under Mississippi law an insured has an affirmative duty to read his policy and that the insured is charged with constructive knowledge of the contents of his policy whether he reads it or not. Under this holding, Soroe is charged with knowledge of the flood damage exclusion in her homeowners policy, and Cannon's failure to invite her attention to that specific policy provision is not sufficient to establish actionable negligence on the part of Cannon.

Cannon's affidavit (Exhibit B to the defendants' Memorandum in Opposition to the Motion To Remand) indicates that Soroe " ultimately decided and approved" the amount of coverage under both the flood policy and the homeowners policy. This statement is uncontradicted in the record before me. Soroe does not allege that Cannon misinformed her concerning the availability of additional coverage, and since Cannon secured the coverage Soroe asked for, I do not believe Cannon's doing so can support a claim of negligence.

Even if Cannon never told Soroe the cost of additional flood coverage, the complaint makes no allegation that Soroe made any inquiry on this point. Where no such inquiry is alleged, the mere failure to take the affirmative step of informing the prospective insured as to the cost of coverage the insured has not requested is, in my opinion, insufficient to support a claim of negligence.

In addition to these considerations, Cannon has stated in his affidavit that Soroe purchased her flood policy in 1991 and her homeowners policy in 1996. These policies were presumably renewed annually. The complaint does not identify the time Cannon is alleged to have made the statements and representations Soroe complains of. Under the holding in *Leonard v. Nationwide Ins. Co.*, 499 F.3d 419, 440 (5th Cir.2007), any claim based on a misrepresentation made by an insurance agent becomes time barred three years from the date the misrepresentation is made. I will not speculate on the operative dates in this case because whenever the statements were made, they do not constitute actionable misrepresentations under the holding of *Leonard v. Nationwide Ins. Co.*, 499 F.3d 419, 440 (5th Cir. 2007)

For these reasons, I am of the opinion that Soroe has not alleged facts sufficient, if proved, to establish a right of recovery against Cannon. An order dismissing Soroe's

complaint [26] against Cannon and denying Soroe's motions [7] [15] to remand will therefore be entered.

**DECIDED** this 10th day of March, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE